IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| Mayra Garcia, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 23-114 |
| | § § | |
| DS Lira and Sons, LLC | § § | |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Mayra Garcia files this Original Complaint and Jury Demand against Defendant DS Lira and Sons, LLC and shows the following:

### Introduction

1. This is an action for unpaid overtime and retaliatory discharge under the Fair Labor Standards Act. Plaintiff Mayra Garcia was formerly employed by DS Lira and Sons, LLC as a server from March of 2023 until September 12, 2023, when she was discharged for opposing Defendant's illegal pay practices. Plaintiff now sues for damages.

### Parties

2. Plaintiff Mayra Garcia is an individual residing at 4412 Mercedes Drive, Laredo, 78046, Texas. She may be served with papers through the undersigned counsel.

3. Defendant DS Lira and Sons, LLC is a limited liability company organized under the laws of the State of Texas. It may be served with process through its registered agent, David Lira at 2710 Musser St., Laredo, Texas 78043.

### Jurisdiction and Venue

4. The Court possesses subject matter jurisdiction over this case because Plaintiff's claims arise under the Fair Labor Standards Act, a federal statute. The Court possesses personal jurisdiction over Defendant because Defendant operates restaurants in Texas. Venue is proper in the Southern District of Texas because all of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District.

### Factual Background

5. Defendant owns and operates a restaurant located in Laredo, Texas. At all times relevant, Defendant employed more than two employees, has gross annual receipts in excess of $500,000.00 and has engaged in commerce by purchasing goods in interstate commerce and by processing credit card payments on interstate banks.

6. Plaintiff commenced employment with Defendant in March of 2023 as a server. Plaintiff herself directly engaged in commerce under the FLSA by processing credit card payments.

7. Plaintiff's primary duty was taking guests orders and serving them. As such, Plaintiff was not exempt from the minimum wage and overtime provisions of the Fair Labor Standards Act. Plaintiff worked six days per week and regularly and consistently worked in excess of 50 hours per week (usually 54 hours per week).

8. Although Plaintiff worked overtime each week, her weekly pay stubs consistently (and falsely) state that she worked only 24 hours per week. The paystubs reflect that Plaintiff was paid at $7.50 per hour for a total of $180.00 per week. Plaintiff also received tips from customers,

which are not reflected on the paystubs. Plaintiff was not paid the overtime premium for her hours over forty each week.

9. Shortly before Plaintiff's discharge from employment, Defendant implemented a new policy whereby servers such as Plaintiff would be required to share their tips with kitchen staff, who are not service employees and do not interface with customers. Plaintiff informed her manager that she did not agree with this and that it was illegal. Immediately thereafter, on September 12, 2023, Plaintiff was discharged from employment. Plaintiff was told by her manager that if she did not agree to share her tips with the kitchen staff, she could not work for Defendant.

**First Cause of Action: Unpaid Overtime Under FLSA**

10. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 9 supra.

11. Defendant is an employer within the meaning of the FLSA. Defendant engaged in interstate commerce in that, at all times relevant to this lawsuit, it had annual gross receipts in excess of $500,000, has employed in excess of two employees, and has purchased goods in interstate commerce and has processed credit card payments through out-of-state financial institutions.

12. Plaintiff was an employee of Defendant. Plaintiff was individually covered by the FLSA because she personally engaged in "interstate commerce" because processed customer credit payments through out-of-state financial institutions.

13. At all times relevant to this lawsuit, Plaintiff was non-exempt from the minimum wage and overtime provisions of the FLSA. Plaintiff worked extensive amounts of overtime each week. Despite this fact, Defendants failed to pay her (and other employees) the overtime premium for those overtime hours.

14. Plaintiff now sues for unpaid overtime as well as an equal amount in liquidated damages. And because Plaintiff has had to retain legal counsel to vindicate her rights under the FLSA, Plaintiff is entitled to an award of attorney fees.

### Second Cause of Action: Retaliatory Discharge Under the FLSA

15. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 14 supra.

16. Plaintiff engaged in protected activities under the FLSA when she repeatedly opposed Defendant's plan, which was to be implemented immediately, to require servers such as Plaintiff to share a portion of their tips with the kitchen staff. Under the FLSA, tips belong to the employees, and tip sharing arrangements with non-tipped personnel such as kitchen staff may not be implemented unless the employer pays the employee the full minimum wage (i.e., does not take the tip credit). In this case, however, Defendant was not paying the servers, including Plaintiff, the full minimum wage for each hour worked. As described above, although Plaintiff's pay stubs reflect that she was being paid $7.50 per hour, the truth is that she was paid a sub-minimum wage because she worked 54 hours per week and not the 24 hours recorded on the paystubs.

17. Plaintiff pleads that Defendants discharged her from employment in retaliation for her having opposed pay practices made illegal under the FLSA. As a result of this illegal discharge from employment, Plaintiff has suffered lost wages as well as emotional distress, mental anguish, humiliation, and embarrassment. Plaintiff now sues for these damages as well as an equal amount in liquidated damages. Because Plaintiff has had to retain legal counsel to vindicate his rights under the FLSA, Plaintiff also is entitled to an award of attorney fees.

### Jury Demand

18. Plaintiff demands a trial by jury.

### Conclusion and Prayer

Plaintiff prays that upon final judgment she be awarded the following:

a) Unpaid wages, including unpaid overtime;

b) An equal amount in liquidated damages;

c) Compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment;

d) Attorney fees and costs of court;

e) All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone -- 210.616.9800
Facsimile -- 210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
MAYRA GARCIA